J-A21017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| KMMHH, LP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DIANE M. ZIMMERMAN AND ROBERT ZIMMERMAN | : | |
| | : | |
| | : | No. 359 EDA 2018 |
| | : | |
| APPEAL OF: DIANE M. ZIMMERMAN | : | |

Appeal from the Order Entered December 26, 2017
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 16-05870

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 21, 2018**

Appellant, Diane M. Zimmerman, appeals from the order entered on December 26, 2017, granting a motion for judgment on the pleadings filed by KMMHH, LP in an ejectment action.  We quash the appeal as interlocutory.

We briefly summarize the facts and procedural history of this case as follows.  In August 2016, KMMHH, LP purchased a residential property located in Bucks County, Pennsylvania at a sheriff's sale held to satisfy a judgment in a mortgage foreclosure action against Appellant and her husband, Robert Zimmerman (Zimmerman).  On September 22, 2016, KMMHH, LP filed a complaint in ejectment against Appellant and served her with it.  Appellant filed preliminary objections arguing that KMMHH, LP failed to name all occupants of the premises as parties in this action.  On November 21, 2016, KMMHH, LP filed an amended complaint naming Zimmerman as a co-

defendant. KMMHH, LP alleged that it met with Appellant and Zimmerman regarding the sheriff's sale and their loss of title. Appellant and Zimmerman indicated that they intended to vacate the premises, but they did not. ***See*** Amended Complaint, 11/21/2016, at ¶¶ 5-7 and 13. KMMHH, LP attempted service of the amended complaint on Zimmerman at the subject residence, but the sheriff noted that the service address provided was vacant. In April 2017, Appellant filed an answer and new matter to the amended complaint. In answering the amended complaint, Appellant averred that "after reasonable investigation, [she was] without sufficient knowledge to form a belief as to the averments made" regarding the allegations pertaining to Zimmerman's residency, as set forth in the amended complaint as mentioned above. Moreover, in new matter, Appellant again alleged, *inter alia*, that KMMHH, LP failed to plead that there were no non-record or equitable owners of the property. Appellant also claimed that KMMHH, LP failed to serve Zimmerman, an indispensable party.

On April 18, 2017, KMMHH, LP filed a motion for judgment on the pleadings arguing that as the real owner of the premises it was immediately entitled to possession. Again, Appellant responded that KMMHH, LP failed to name Zimmerman, an indispensable party to this action. More specifically, Appellant claimed that Zimmerman was not served with the amended complaint. The trial court granted KMMHH, LP's motion for judgment on the pleadings on June 26, 2017.

Appellant appealed. Thereafter, Appellant and the trial court timely complied with our rules of appellate procedure. On December 8, 2017, this Court *sua sponte* quashed the appeal as interlocutory because the order appealed from did not dispose of all claims against all the parties, as our "[r]eview of the trial court docket indicat[ed] that Robert Zimmerman was not served and the matter was not discontinued as to him[.]" Superior Court Order, 12/8/2017, at 1.

Following remand, on December 18, 2017, KMMHH, LP praeciped the Prothonotary to mark the case settled, discontinued, and ended as to Zimmerman. On the same day, KMMHH, LP filed a petition to amend the June 26, 2016 order granting judgment on the pleadings. KMMHH, LP averred that in its motion for judgment on the pleadings, as well as its two subsequent briefs in support, it "sought judgment only against [Appellant] – not against any other [d]efendant in this action." Petition for Amendment of Court Order, 12/18/2017, at ¶ 4. As such, KMMHH, LP requested that the trial court amend its June 26, 2016 order "to reflect that the only [d]efendant against whom judgment [was] granted [w]as [Appellant]." *Id.* at ¶ 6. On December 22, 2017, the trial court granted KMMHH, LP's petition to amend the June 26, 2016 order of court to state as follows:

> AND NOW, this 26th day of June, 2017, upon consideration of [KMMHH, LP's] Motion for Judgment on the Pleadings, and any response thereto, it is hereby ORDERED and DECREED that [KMMHH, LP's] Motion for Judgment on the Pleadings is GRANTED.

It is further ORDERED that judgment is entered in favor of [KMMHH, LP] and against [Appellant] for immediate possession of the [subject] premises[.] [Appellant] is hereby ORDERED to immediately vacate the property.

Trial Court Order, 12/22/2017, at 1.[1]

This timely appeal resulted. Appellant filed a notice of appeal on January 19, 2018. On February 5, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on February 8, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 12, 2018.

Before we reach the merits of the appeal, upon review of the applicable law and facts and procedural history of this case, we discern a procedural error of law. Here, the Prothonotary accepted KMMHH, LP's praecipe to discontinue the action against Zimmerman and, following this development, the trial court amended its previous order granting KMMHH, LP's motion for judgment on the pleadings to indicate that judgment was entered solely against Appellant. However, Pennsylvania Rule of Civil Procedure 229, governing discontinuances, provides, in pertinent part:

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

_____

[1] The order was dated December 22, 2017; however, it was not docketed until December 26, 2017.

(b)(1) Except as otherwise provided in subdivision (b)(2),[2] a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.

Pa.R.C.P. 229. Upon our review of the certified record, neither Appellant nor Zimmerman consented to a discontinuance regarding Zimmerman. Moreover, KMMHH, LP did not seek leave of court to discontinue the action filed against Zimmerman. Thus, under Rule 229, the action was not properly discontinued as to Zimmerman. Accordingly, when the trial court amended its order on December 22, 2017 granting KMMHH, LP's motion for judgment on the pleadings to indicate that judgment had been entered only against Appellant, Zimmerman still remained a party to the action as set forth in KMMHH, LP's amended complaint.

Under Pa.R.A.P. 341, parties have the right to file an appeal from a final order, defined as any order that: "(1) disposes of all claims and of all parties; (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341. However,

when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

---

2 Subsection(b)(2) pertains to civil actions for professional malpractice and is inapplicable herein.

- 5 -

Pa.R.A.P. 341(c). Thus, similar to the prior appeal that we quashed by *per curiam* order, our current review of the trial court docket indicates that Zimmerman was not served with the amended complaint and the matter was not properly discontinued as to him. Moreover, the trial court did not make an express determination that an immediate appeal would facilitate resolution of the entire case. Accordingly, we quash the appeal *sua sponte* for lack of appellate jurisdiction. **See In re Estate of Cella**, 12 A.3d 374, 377 (Pa. Super. 2010) ("The appealability of an order directly implicates the jurisdiction of the court asked to review the order. […T]his Court has the power to inquire at any time, *sua sponte*, whether an order is appealable.").[3]

Appeal quashed.

---

[3] Finally, we note that the mootness doctrine requires that there be an actual case or controversy at all stages of review. **Pilchesky v. Lackawanna Cnty.**, 88 A.3d 954, 964 (Pa. 2014). "[A]n issue may become moot during the pendency of an appeal due to an intervening change in the facts of the case[.]" **Id.** If Appellant has subsequently vacated the premises, she has a duty to cease litigating this matter to save judicial resources and prevent addressing a moot issue. We mention this because the parties appeared before this Court for oral argument and when asked whether Appellant was still residing at the property, counsel for Appellant was less than forthright when he vaguely replied that Appellant has possessions in the property. We remind counsel of his duty to exercise candor with this Court. **See** Pa.R.P.C. 3.3 ("Candor Toward the Tribunal").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/18